UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE LOPEZ,

                Plaintiff,

- against -

CARLOS ECHEBIA, BHARD GHANDI and
JOHN DOE,

                Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

JUDGE CONNER

07 CIV. 9425

Plaintiff, by his attorney, LAW OFFICE OF TODD J. KROUNER, alleges for his complaint as follows:

## NATURE OF THE ACTION

1. On May 27, 2007, plaintiff JORGE LOPEZ, went to Local Hills Two in Yonkers, New York, to find employment for the day. Defendant CARLOS ECHEBIA, at the direction of defendants JOHN DOE (a general contractor whose true identity is not presently known to plaintiff), and BHARD GHANDI, hired plaintiff JORGE LOPEZ to cut down a tree as part of a construction project on the premises located at 40 Hillwood Place, Yonkers, New York, owned by defendant BHARD GHANDI (the "Ghandi Premises"). Plaintiff, JORGE LOPEZ, was given equipment that was not properly suited for the job. As a result, plaintiff fell from a height of approximately 30 feet out of the tree and sustained serious physical injuries.

## JURISDICTION

2. Jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship, because plaintiff is a resident and citizen of the State of Connecticut, and upon information and belief, defendants are residents and citizens of the State of New York, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## THE PARTIES

2. Plaintiff JORGE LOPEZ resides at 24 College Street, Apt. 4 in Clinton, Connecticut 06413.

3. Defendant BHARD GHANDI resides at 40 Hillwood Place, City of Yonkers, County of Westchester and State of New York.

3. Defendant CARLOS ECHEBIA resides at 163 North Broadway, City of Yonkers, Westchester County and State of New York.

4. Defendant JOHN DOE (a general contractor whose true name is not presently known to plaintiff) is a resident of Westchester County, and State of New York.

## FIRST CLAIM AGAINST
## BHARD GHANDI FOR NEGLIGENCE

5. On May 27, 2007, defendant CARLOS ECHEBIA, at the direction of defendants JOHN DOE, and BHARD GHANDI, hired plaintiff JOREGE LOPEZ to cut down a 75 foot tall tree located on the Ghandi Premises as part of a construction project.

6. On May 27, 2007, CARLOS ECHEBIA drove plaintiff JORGE LOPEZ to the Ghandi Premises to begin work on cutting down the tree. Plaintiff JORGE LOPEZ was supplied with equipment that was not properly suited for the job. As a result, plaintiff JORGE LOPEZ fell from the tree and sustained serious personal injuries.

7. Defendant BHARD GHANDI, his agents, servants and/or employees, were negligent in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

8. Defendant BHARD GHANDI, his agents, servants and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

9. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of BHARD GHANDI, his agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

10. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## SECOND CLAIM AGAINST BHARD GHANDI
## FOR VIOLATION OF NEW YORK LABOR LAW §240, et seq.

11. Plaintiff repeats, reiterates and realleges each and every allegation set for in Paragraphs 1 through 10, above.

12. The aforesaid occurrence was caused by and due to the violation by BHARD GHANDI of certain sections of the Labor Law of the State of New York, including but not limited to Sections 200, 240, 241, 241-a and 241(6) thereof, the rules of the Board of Standards of Appeals, the Administrative Code of the State of New York, and regulations of OSHA; in that defendant BHARD GHANDI, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

13. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## THIRD CLAIM AGAINST
## CARLOS ECHEBIA FOR NEGLIGENCE

14. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 13, above.

15. Defendant CARLOS ECHEBIA, his agents, servants and/or employees, were negligent in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

16. Defendant CARLOS ECHEBIA, his agents, servants and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

17. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of CARLOS ECHEBIA, his agents, servants and/or employees, in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

18. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## FOURTH CLAIM AGAINST CARLOS ECHEBIA
## FOR VIOLATION OF NEW YORK LABOR LAW §240, et seq.

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 18, above.

20. The aforesaid occurrence was caused by and due to the violation by CARLOS ECHEBIA of certain sections of the Labor Law of the State of New York including but not limited to Sections 200, 240, 241, 241-a and 241(6) in that CARLOS ECHEBIA, having

4

employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

21. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## FIFTH CLAIM AGAINST AGAINST JOHN DOE FOR NEGLIGENCE

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 21, above.

23. Defendant JOHN DOE, his agents, servants and/or employees, were negligent in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

24. Defendant JOHN DOE, his agents, servants and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

25. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of JOHN DOE, his agents, servants and/or employees, in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

26. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## SIXTH CLAIM AGAINST JOHN DOE
### FOR VIOLATION OF NEW YORK LABOR LAW § 240, et seq.

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraph 1 through 26, above.

28. The aforesaid occurrence was caused by and due to the violation by defendants of certain sections of the Labor Law of the State of New York, including but not limited to Sections 200, 240, 241, 241-a and 241(6) in that JOHN DOE, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

29. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

**WHEREFORE**, plaintiff JORGE LOPEZ demands judgment as follows:

I. On the First Claim against defendant BHARD GHANDI, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

II. On the Second Claim against defendant BHARD GHANDI for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

III. On the Third Claim against defendant CARLOS ECHEBIA for negligence, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

IV. On the Fourth Claim against defendant CARLOS ECHEBIA for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

## SIXTH CLAIM AGAINST JOHN DOE
## FOR VIOLATION OF NEW YORK LABOR LAW § 240, et seq.

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraph 1 through 26, above.

28. The aforesaid occurrence was caused by and due to the violation by defendants of certain sections of the Labor Law of the State of New York including but not limited to Sections 200, 240, 241, 241-a and 241(6) in that JOHN DOE, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

29. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

**WHEREFORE**, plaintiff JORGE LOPEZ demands judgment as follows:

I. On the First Claim against defendant BHARD GHANDI, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

II. On the Second Claim against defendant BHARD GHANDI for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

III. On the Third Claim against defendant CARLOS ECHEBIA for negligence, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

IV. On the Fourth Claim against defendant CARLOS ECHEBIA for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

V. On the Fifth Claim against defendant JOHN DOE for negligence, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

VI. On the Sixth Claim against defendant JOHN DOE for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

VII.. Together with costs and such other relief as the Court may deem just and appropriate.

Dated: Chappaqua, New York
October 15 2007

                            LAW OFFICE OF TODD J. KROUNER

By: *Todd J. Krouner* (signature)
Todd J. Krouner
Attorneys for Plaintiff
93 North Greeley Avenue, Suite 100
Chappaqua, New York 10514
(914)238-5800