

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE LOPEZ,                                    **AMENDED COMPLAINT**

               Plaintiff,           **PLAINTIFF DEMANDS**
- against -                                     **TRIAL BY JURY**

CARLOS ECHEBIA, BHARD GHANDI, MOISES
MEJIA and M AND M'S RENOVATIONS, INC.,          **07 CV 9425 (WCC)**

               Defendants.
------------------------------------------------------------X

     Plaintiff, by his attorney, LAW OFFICE OF TODD J. KROUNER, alleges for his complaint as follows:

## NATURE OF THE ACTION

    1.    On Sunday, May 27, 2007, plaintiff JORGE LOPEZ, went to Local Hills Two in Yonkers, New York, to find employment for the day. Defendant CARLOS ECHEBIA, at the direction of defendants MOISES MEJIA, M AND M'S RENOVATIONS, INC. and BHARD GHANDI, hired plaintiff JORGE LOPEZ to cut down a tree as part of a construction project on the premises located at 40 Hillwood Place, Yonkers, New York, owned by defendant BHARD GHANDI (the "Ghandi Premises"). The defendants provided plaintiff JORGE LOPEZ with equipment that was not properly suited for the job. As a result, plaintiff fell from a height of approximately 30 feet out of the tree and sustained serious physical injuries.

## JURISDICTION

    2.    Jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship, because plaintiff is a resident and citizen of the State of Connecticut, and upon information and belief, defendants are each residents and citizens of the State of New York, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

## THE PARTIES

3. Plaintiff JORGE LOPEZ resides at 24 College Street, Apt. 4 in Clinton, Connecticut 06413.

4. Defendant BHARD GHANDI resides at 40 Hillwood Place, City of Yonkers, County of Westchester and State of New York.

5. Defendant CARLOS ECHEBIA resides at 163 North Broadway, City of Yonkers, County of Westchester and State of New York.

6. Defendant MOISES MEJIA resides at 321 Hawthorne Avenue, City of Yonkers, County of Westchester and State of New York. MOISES MEJIA is an owner, or the owner, of defendant M AND M'S RENOVATIONS, INC.

7. Defendant M AND M's RENOVATIONS, INC. is a company doing business at 321 Hawthorne Avenue, City of New York, Bronx County and State of New York.

## FIRST CLAIM AGAINST
## BHARD GHANDI FOR NEGLIGENCE

8. On May 27, 2007, defendant CARLOS ECHEBIA, at the direction of defendants MOISES MEJAI, M AND M's RENOVATIONS, INC. and BHARD GHANDI, hired plaintiff JORGE LOPEZ to cut down a 75 foot tall tree located on the Ghandi Premises as part of a construction project.

9. On May 27, 2007, CARLOS ECHEBIA drove plaintiff JORGE LOPEZ to the Ghandi Premises to begin work on cutting down the tree. Plaintiff JORGE LOPEZ was supplied with equipment that was not properly suited for the job. As a result, plaintiff JORGE LOPEZ fell from the tree and sustained serious personal injuries.

10. Defendant BHARD GHANDI, his agents, servants and/or employees, were negligent in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

11. Defendant BHARD GHANDI, his agents, servants and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

12. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of BHARD GHANDI, his agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

13. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## SECOND CLAIM AGAINST BHARD GHANDI
## FOR VIOLATION OF NEW YORK LABOR LAW §240, et seq.

14. Plaintiff repeats, reiterates and realleges each and every allegation set for in Paragraphs 1 through 13, above.

15. The aforesaid occurrence was caused by and due to the violation by BHARD GHANDI of certain sections of the Labor Law of the State of New York, including but not limited to Sections 200, 240, 241, 241-a and 241(6) thereof, the rules of the Board of Standards of Appeals, the Administrative Code of the State of New York, and regulations of OSHA; in that defendant BHARD GHANDI, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

16. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## THIRD CLAIM AGAINST
## CARLOS ECHEBIA FOR NEGLIGENCE

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 16, above.

18. Defendant CARLOS ECHEBIA, his agents, servants and/or employees, were negligent in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

19. Defendant CARLOS ECHEBIA, his agents, servants and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

20. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of CARLOS ECHEBIA, his agents, servants and/or employees, in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

21. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

## FOURTH CLAIM AGAINST CARLOS ECHEBIA
## FOR VIOLATION OF NEW YORK LABOR LAW §240, et seq.

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 21, above.

23. The aforesaid occurrence was caused by and due to the violation by CARLOS ECHEBIA of certain sections of the Labor Law of the State of New York including but not limited to Sections 200, 240, 241, 241-a and 241(6) in that CARLOS ECHEBIA, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to

4

have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

24. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

### FIFTH CLAIM AGAINST M AND M's RENOVATIONS, INC. FOR NEGLIGENCE

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 24, above.

26. Defendants M AND M's RENOVATIONS, INC., its agents, servants, officers, directors and/or employees, were negligent in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

27. Defendants M AND M's RENOVATIONS, INC., its agents, servants, officers, directors and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

28. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of M AND M's RENOVATIONS, INC., its agents, servants, officers, directors and/or employees, in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

29. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

### SIXTH CLAIM AGAINST M AND M's RENOVATIONS, INC. FOR VIOLATION OF NEW YORK LABOR LAW § 240, et seq.

30. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraph 1 through 29, above.

31. The aforesaid occurrence was caused by and due to the violation by defendants of certain sections of the Labor Law of the State of New York, including but not limited to Sections 200, 240, 241, 241-a and 241(6) in that M AND M's RENOVATIONS, INC., its agents, servants, officers, directors and/or employees, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

32. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

### SEVENTH CLAIM AGAINST MOISES MEJAI FOR NEGLIGENCE

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 32, above.

34. Defendant MOISES MEJAI, his agents, servants and/or employees, were negligent in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises.

35. Defendant MOISES MEJAI, his agents, servants and/or employees, were under a duty to operate, control, supervise, manage and maintain the Ghandi Premises so that no persons lawfully thereat would be caused to sustain personal injuries.

36. The aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely through and by reason of the carelessness, recklessness and negligence of MOISES MEJAI, his agents, servants and/or employees, in the operation, management, maintenance, supervision, custody, possession, inspection and control of the Ghandi Premises and the work being done thereat.

37. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

### EIGHTH CLAIM AGAINST MOISES MEJAI FOR VIOLATION OF NEW YORK LABOR LAW § 240, et seq.

38. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraph 1 through 37, above.

39. The aforesaid occurrence was caused by and due to the violation by defendants of certain sections of the Labor Law of the State of New York, including but not limited to Sections 200, 240, 241, 241-a and 241(6) in that MOISES MEJAI, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers, and other devices so constructed, place and operated as to give plaintiff proper protection.

40. As a result of the aforesaid occurrence, plaintiff JORGE LOPEZ sustained serious personal injuries.

**WHEREFORE**, plaintiff JORGE LOPEZ demands judgment as follows:

I. On the First Claim against defendant BHARD GHANDI, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

II. On the Second Claim against defendant BHARD GHANDI for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

III. On the Third Claim against defendant CARLOS ECHEBIA for negligence, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

IV. On the Fourth Claim against defendant CARLOS ECHEBIA for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

V. On the Fifth Claim against defendant M AND M's RENOVATIONS, INC. for negligence, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

VI. On the Sixth Claim against defendant M AND M's RENOVATIONS, INC. for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

VII. On the Seventh Claim against defendant MOISES MEJAI for negligence, for plaintiff JORGE LOPEZ, compensatory damages in such amount as the jury may award;

VIII. On the Eighth Claim against defendant MOISES MEJAI for labor law violations, for plaintiff JORGE LOPEZ, compensatory damages in such amounts as the jury may award;

IX. Together with costs and such other relief as the Court may deem just and appropriate.

Dated:  Chappaqua, New York
        November 29, 2007

LAW OFFICE OF TODD J. KROUNER

By: *Stacey M. Rancourt*
Stacey M. Rancourt (SR 8394)
Attorneys for Plaintiff
93 North Greeley Avenue, Suite 100
Chappaqua, New York 10514
(914)238-5800

8