UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JORGE LOPEZ,

                        Plaintiff,                **VERIFIED ANSWER**

   -against-                          07 CIV 9425 (WCC)
                                                  ECF CASE
                                                  **JURY TRIAL DEMANDED**

CARLOS ECHEBIA, BHARD GHANDI, MOISES
MEJIA and M AND M'S RENOVATIONS, INC.,

                        Defendants.
-------------------------------------------------------------------x

        Defendant, BHARD GHANDI by his attorney, LAW OFFICE OF THOMAS K. MOORE, answering the Complaint of plaintiff herein, upon information and belief, respectfully alleges:

## NATURE OF THE ACTION

        1.    Denies each and every allegation contained in the paragraph of the Complaint designated in paragraph **"1"** of the complaint.

## JURISDICTION

        2.    Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated in paragraph **"2"** and refers all questions of law to the Court.

## THE PARTIES

        3.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"3", "5", "6" and "7".**

4. Denies each and every allegation contained in the paragraph of the Complaint designated **"4"**.

### FIRST CLAIM AGAINST
### BHARD GHANDI FOR NEGLIGENCE

5. Denies each and every allegation contained in the paragraph of the Complaint designated **"8" through "12"**.

6. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"13"**.

### SECOND CLAIM AGAINST BHARD GHANDI
### FOR VIOLATION OF NEW YORK LABOR LAW § 240, ET SEQ:

7. Responding to the paragraph of the Complaint designated **"14"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

8. Denies each and every allegation contained in the paragraph of the Complaint designated **"15"**.

9. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"16"**.

### THIRD CLAIM AGAINST
### CARLOS ECHEBIA FOR NEGLIGENCE

10. Responding to the paragraph of the Complaint designated **"17"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

11.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"18" through "21"**.

### FOURTH CLAIM AGAINST CARLOS ECHEBIA FOR VIOLATION OF NEW YORK LABOR LAW § 240, ET SEQ:

12.     Responding to the paragraph of the Complaint designated **"22"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

13.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs **"23" and "24"** of the Complaint.

### FIFTH CLAIM AGAINST M AND M's RENOVATIONS, INC. FOR NEGLIGENCE

14.     Responding to the paragraph of the Complaint designated **"25"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

15.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs **"26" through "29"** of the Complaint.

### SIXTH CLAIM AGAINST M AND M's RENOVATIONS, INC. FOR VILATION OF NEW YORK LABOR LAW § 240, ET SEQ.

16.     Responding to the paragraph of the Complaint designated **"30"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

17. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs **"31" and "32**" of the Complaint.

### SEVENTH CLAIM AGAINST MOISES MEJAI FOR NEGLIGENCE

18. Responding to the paragraph of the Complaint designated **"33"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

19. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs **"34" through "37"** of the Complaint.

### EIGHTH CLAIM AGAINST MOISES MEJIA FOR VIOLATION OF NEW YORK LABOR LAW § 240, ET SEQ:

20. Responding to the paragraph of the Complaint designated **"38"** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

21. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs **"39" and "40"** of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF ALLEGED CAUSESOF ACTION, THIS DEFENDANT BHARD GHANDI, RESPECTFULLY SET FORTH ANDALLEGES UPON INFORMATION AND BELIEF:**

22. The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and

assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF ALLEGED CAUSESOF ACTION, THIS DEFENDANT BHARD GHANDI, RESPECTFULLY SET FORTH ANDALLEGES UPON INFORMATION AND BELIEF:**

23. This party's responsibility, if any and which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO PLAINTIFF ALLEGED CAUSESOF ACTION, THIS DEFENDANT BHARD GHANDI, RESPECTFULLY SET FORTH ANDALLEGES UPON INFORMATION AND BELIEF:**

24. If plaintiff recovers any damages by reason of the alleged negligence of this answering defendant, said damage must be reduced by the total amount of all funds received by plaintiff from all collateral sources pursuant to CPLR Section 4545(c).

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS CARLOS ECHEBIA, MOISES MEJIA and M AND M'S RENOVATIONS, INC., THIS DEFENDANT BHARD GHANDI ALLEGES:**

25. That if plaintiff was caused to sustain personal injuries and/or resulting damages at the time and place set forth in plaintiff's Complaint and in the manner

alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence, and breaches of duty and/or obligation, and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of co-defendant and impleaded parties with this answering party, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of this pleading party contributing thereto; and if this pleading party is found negligent as to plaintiff for the injuries and damages as set forth in plaintiff's Complaint, then and in that event, the relative responsibility of all said parties in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and said co-defendants and impleaded parties be held liable over jointly or severally to this pleading party holding it harmless for the full amount of any verdict or judgment that plaintiff herein may recover against this pleading party in this action, including all costs of investigation, disbursements, expenses, and attorney fees incurred in the defense of this action and in the conduct of this Cross Claim.

    WHEREFORE, the answering defendant demands judgment:

        (1) dismissing the complaint and all cross-claims,

        (2) for contribution and/or indemnification on the cross-claim against co-defendants as named above; and

        (3) for costs and disbursements against adverse parties

Dated: White Plains, New York
December 18, 2007

        Yours, etc.,

        LAW OFFICE OF THOMAS K. MOORE

        By: _____s/_____
            ROULA THEOFANIS (RT-3240)
        Attorneys for Defendant
        BHARD GHANDI
        701 Westchester Avenue, Suite 101W
        White Plains, New York 10604
        (914) 285-8500

TO:

LAW OFFICE OF TODD J. KROUNER
Attorneys for Plaintiff
93 North Greeley Avenue, Suite 100
Chappaqua, New York 10514
(914) 238-8500

Carlos Echebia
163 N. Broadway
Yonkers, New York 10705

Moises Mejia
321 Hawthorne Avenue
Yonkers, New York 10705

M and M's Renovations, Inc.
321 Hawthorne Avenue
Yonkers, New York 10705

STATE OF NEW YORK      )
                                              ) SS:
COUNTY OF WESTCHESTER )

    The undersigned, an attorney admitted to practice in the Courts of New York State, states, that affirmant is associated with the LAW OFFICES OF THOMAS K. MOORE, the attorneys for the defendant, that affirmant has read the foregoing answer to the complaint and knows the contents thereof, and that the same is true to affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters affirmant believes them to be true.

    That the reason why this verification is made by affirmant and not by the defendant is because the defendant is not within Westchester County where the office of the attorneys is maintained; and that the source of affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject matter of this action, and which are in the possession of the said attorneys.

    The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  White Plains, New York
          December 18, 2007

                                                  _____s/_____
                                                          ROULA THEOFANIS